1
2
3
4
5
6
7
8
9
10

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

11
12
13
14
15
16
17
18

| | |
|---|---|
| JAVIER CARRILLO, | ) Case No. ED CV 12-0080 JCG |
| Plaintiff, | ) |
| v. | ) **MEMORANDUM OPINION AND** |
| CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,[1] | ) **ORDER** |
| Defendant. | ) |

19    Javier Carrillo ("Plaintiff") challenges the Social Security Commissioner's

20 ("Defendant") decision denying his application for disability benefits.  Specifically,

21 Plaintiff contends that the Administrative Law Judge ("ALJ") improperly rejected

22 his credibility.  (Joint Stip. at 19-34, 38.)  The Court agrees with Plaintiff for the

23 reasons discussed below.

24    A.    The ALJ Failed to Provide Clear and Convincing Reasons for Rejecting

25       Plaintiff's Credibility

26    An ALJ may reject a plaintiff's credibility "only upon (1) finding evidence of

27    _____

28    [1]  Carolyn W. Colvin is substituted as the proper defendant herein.  *See* Fed. R. Civ. P. 25(d).

malingering, or (2) expressing clear and convincing reasons for doing so." *Benton ex rel. Benton v. Barnhart*, 331 F.3d 1030, 1040 (9th Cir. 2003). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995).

Here, the ALJ provided *three* reasons[2] in support of his credibility determination. The Court discusses – and rejects – each of these reasons in turn.

First, the ALJ asserted that "no evidence" supports Plaintiff's claim that "[his cane] is required."[3] (AR at 26.) This conclusion, however, fails to recognize Plaintiff's testimony that the cane was, in fact, prescribed by Dr. Maria Maqil. (*See* AR at 47.) Further, Plaintiff never characterized his reliance on his cane as a necessity. Instead, Plaintiff merely stated that he uses his cane because he is "losing . . . strength in his right leg" and is thus able to stand for only a half hour before the pain becomes unbearable. (AR at 40, 43.) Thus, the cane is only "required" to the extent that Plaintiff must stand for longer than a half hour. In light of the above, the ALJ's reasoning here appears to mischaracterize both Plaintiff's supporting medical evidence, and the substance of his statements. As a result, this reason must be rejected.

Second, the ALJ noted, with no further explanation, that Plaintiff is able to

---

[2] Both Plaintiff and Defendant discuss various reasons for the ALJ's credibility determination that are not actually stated by the ALJ. (*See* Joint Stip. at 19-38.) The Court limits its discussion here, as it must, to only those reasons asserted by the ALJ in his decision. *See Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003).

[3] To be clear, the ALJ's specifically stated that there is no evidence supporting Plaintiff's assertion that "*it*" is required." (*See* Administrative Record ("AR") at 26 (emphasis added).) Though "it" was never explicitly defined, the Court takes note of the ALJ's subsequent reference to "assistive devices," and presumes, as did Plaintiff and Defendant, that the ALJ was referring to Plaintiff's cane. (*See id.*, Joint Stip. at 19-38.)

"drive, watch television, and cook for himself" – activities that are presumably inconsistent with his alleged limitations.  (AR at 26.)  Granted, daily activities can discredit a claimant when those activities suggest a greater functional capacity than alleged.  *Valentine v. Commissioner, Soc. Sec. Admin.*, 574 F.3d 685, 693 (9th Cir. 2009).  However, the activities cited here by the ALJ are not so physically or mentally demanding that it is apparent that Plaintiff exaggerated his limitations. Under the "clear and convincing" standard, then, there must be some explanation of how these activities undermine the specific limitations alleged by Plaintiff.  *See Lester*, 81 F.3d at 834.  Absent such a showing, this reason does not pass muster.

Third, the ALJ apparently found that Plaintiff is able to speak more than a "little" English because he was able to answer some questions at the hearing before they were translated.[4]  (AR at 26.)  As above, however, the ALJ appears to have misstated Plaintiff's stated limitations, this time regarding his ability to speak English.  Plaintiff does not allege a complete inability to speak or understand English.  Indeed, he admits to watching some English-based television programs. (AR at 47-48.)  Instead, at the hearing, Plaintiff simply testified that he has never taken any English classes, and that he is unable to *read*, or *write* in English.  (AR at 37-38.)  In light of this distinction, no inconsistencies appear to exist regarding Plaintiff's English proficiency, and thus this reason is invalid.

Accordingly, for the reasons stated above, the Court determines that the ALJ improperly discredited Plaintiff's testimony.

---

[4]   The ALJ also notes that Plaintiff has lived in the United States since 1980. Without belaboring the point, the length of one's residence in this country reveals little about their ability to speak English, which is influenced by a variety of factors. At minimum, for this reason to satisfy the clear and convincing standard, a more specific discussion of why this fact undermines Plaintiff's credibility is necessary. *See Lester*, 81 F.3d at 834.

1

  B.    Remand is Warranted

2    With error established, this Court has discretion to remand or reverse and

3 award benefits. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). Where no

4 useful purpose would be served by further proceedings, or where the record has been

5 fully developed, it is appropriate to exercise this discretion to direct an immediate

6 award of benefits. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004).

7 But where there are outstanding issues that must be resolved before a determination

8 can be made, or it is not clear from the record that the ALJ would be required to find

9 plaintiff disabled if all the evidence were properly evaluated, remand is appropriate.

10 *See id.* at 594.

11    Here, there are outstanding issues which must be resolved before a final

12 determination can be made. On remand, the ALJ shall reconsider Plaintiff's

13 credibility, and either credit Plaintiff's testimony or provide clear and convincing

14 reasons supported by substantial evidence for rejecting them.

15    Based on the foregoing, IT IS ORDERED THAT judgment shall be entered

16 **REVERSING** the decision of the Commissioner denying benefits and

17 **REMANDING** the matter for further administrative action consistent with this

18 decision.[5]

19

20 Dated: March 19, 2013

21    _____

22    Hon. Jay C. Gandhi

23    United States Magistrate Judge

24

25

26

27

  _____

  [5]    In light of the Court's remand instructions, it is unnecessary to address

28 Plaintiff's remaining contentions. (*See* Joint Stip. at 3-16, 19, 38-46, 49.)

4